58 CCPA
**Application of Joseph G. FEINBERG.**
**Patent Appeal No. 8445.**

United States Court of Customs
and Patent Appeals.
March 4, 1971.

Jacobs & Jacobs, New York City, attorneys of record, for appellant. Albert L. Jacobs, New York City, of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. E. Martin, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of both claims in appellant's application serial No. 566,-084, filed July 18, 1966, for "penicillins." We affirm.

The claims are directed to benzyl- or G-type penicillins, and salts thereof, prepared by natural fermentation but lacking the high-molecular-weight antigens which cause anaphylactic reaction in penicillin-sensitive patients.

The claims read:

1. Benzylpenicillin or a physiologically acceptable non-toxic salt thereof which upon administration to a penicillin-sensitive subject fails to cause anaphylactic reaction in said subject, the benzylpenicillin being normally purified commercial benzylpenicillin produced by fermentation and inherently containing high molecular weight strongly antigenic material capable of causing anaphylactic reaction but from which benzylpenicillin such high molecular weight strongly antigenic material has been substantially entirely removed to render the thus treated benzylpenicillin or non-toxic physiologically acceptable salt thereof incapable of causing such anaphylactic reaction.

4. Benzylpenicillin prepared by direct fermentation or a physiologically acceptable non-toxic salt thereof, said fermentatively prepared benzylpenicillin having been normally purified and then substantially entirely freed from inherently associated high molecular weight antigenic material to make it devoid of anaphylactic action upon administration to a penicillin-sensitive subject.

The claims are rejected on several grounds, but the one we find dispositive is the rejection under the first paragraph of § 112 for insufficient disclosure of how to make the claimed compositions.

Appellant's specification fills about three and one-half pages of the printed record. Nearly all of the specification is devoted to setting forth the objects of the invention and to describing tests of one of the claimed compositions. The

only how-to-make teaching appears in the following passage:

> The purification of penicillin G in accordance with the process of the present invention may be effected by such methods as chromatography, gel filtration, electrophoresis, precipitation, gel diffusion, dialysis, adsorption, or by thermal or enzymatic destruction of the high molecular weight material. These methods of purification are carried out to remove the high molecular weight material in the product obtained by fermentation, in addition to normal purification processes.

The single specification example, which follows this passage, states simply: "500 g. of a commercially available penicillin G, B. P., was exhaustively dialysed to leave 190 mg. of high molecular weight material." The rest of the example describes comparative tests involving "this material," the original penicillin, and "the treated penicillin." The examiner's position, adopted by the board, was stated in the Answer as follows:

> * * * there is no specific illustration of how the invention can be prepared. The only example states the commercial benzyl penicillin was "exhaustively dialized." * * * The specification does not recite the membranes employed, their spacing, or the solvent, or retention time or whether electro dialysis is used. Moreoever, no guidance is provided to determine when the "exhaustive" dialysis is complete.

Similarly, the list of nine broad conventional preparation processes, quoted supra, was considered insufficient to enable one of ordinary skill to make the claimed compositions.

Appellant contends that "there is adequate teaching as to how the products of the invention can be prepared," but he has neither satisfactorily answered the specific inquiries raised by the examiner nor submitted any proof that a person of ordinary skill in the art would know from the specification how to make the claimed compositions without undue experimentation. Under these circumstances, the decision of the board must be affirmed.

Affirmed.